IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FOREST LABORATORIES, INC.,            :
FOREST LABORATORIES HOLDING,          :
LTD. and H. LUNDBECK A/S,             :
                                      :
        Plaintiffs,                   :
                                      :
    v.                                :   Civil Action No. 03-891-JJF
                                      :
IVAX PHARMACEUTICALS, INC.,           :
and CIPLA LTD.,                       :
                                      :
        Defendants.                   :

---

John M. Desmarais, Esquire; Peter J. Armenio, Esquire; Gerald J. Flattman, Jr., Esquire and Maxine Y. Graham, Esquire of KIRKLAND & ELLIS LLP, New York, New York.
Melanie K. Sharp, Esquire and Andrew Lundgren, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, Wilmington, Delaware.

Attorneys for Plaintiffs.

Jeffrey S. Ward, Esquire; Thomas P. Heneghan, Esquire; Shane A. Brunner, Esquire; Edward J. Pardon, Esquire and Charlene L. Yager, Esquire of MICHAEL BEST & FRIEDRICH LLP, Madison, Wisconsin.
Richard D. Kirk, Esquire of THE BAYARD FIRM, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

February 26, 2008

Joseph J. Farnan Jr.

Farnan, District Judge:

Pending before the Court are the cross-motions for summary judgment filed by Plaintiffs Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd. and H. Lundbeck A/S (collectively, "Plaintiffs") and Defendants Ivax Pharmaceuticals, Inc. ("Ivax") and Cipla Ltd. ("Cipla") (collectively, "Defendants") regarding whether this is an exceptional case under 35 U.S.C. § 285. (Respectively, D.I. 699 & D.I. 697.)  For the reasons discussecd below, the Court will deny Plaintiffs' Motion and grant Defendants' Motion.

I.  **Background**

This action was brought by Plaintiffs alleging Defendants' infringement of U.S. Patent No. Re. 34,712 (the " '712 patent") based on IVAX's submission of Abbreviated New Drug Application ("ANDA") 76-765 to the Food and Drug Administration and CIPLA's role in assisting IVAX with the submission of ANDA 76-765 and serving as a future importer and manufacturer of the generic product contemplated by ANDA 76-765.  The parties stipulated that the proposed generic products defined by ANDA 76-765 infringe claims 1,3,5,7 and 9 of the '712 patent and that Defendants' process for making the proposed generic products will infringe claim 11 of the '712 patent, leaving only the validity and enforceability of the '712 to be determined at trial.  Following a five day bench trial, the Court in July of 2006 concluded that

1

Defendants did not establish that the '712 patent is invalid as anticipated, obvious, or impermissibly broadened upon reissue. Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc., 438 F. Supp. 2d 479 (D. Del. 2006). The Court further concluded that Defendants did not establish that the '712 patent is unenforceable as a result of inequitable conduct. Id.

On March 15, 2007, the Court granted Defendants' Motion for Summary Judgment of No Willful Infringement and reserved judgment on whether summary disposition of the exceptional case issue is warranted, allowing the parties to conclude discovery on the matter and to submit summary judgment applications. (D.I. 684.)

**II. Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, the Court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

2

To defeat a motion for summary judgment, the non-moving party must show more than "some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(c)). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. Discussion

According to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement. Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002)(citing Hoffmann-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000)). Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional. Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996). The prevailing party must prove an

exceptional case by clear and convincing evidence. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003).

The Court of Appeals for the Federal Circuit has cautioned that an award of attorney fees under section 285 is not intended to be an "ordinary thing in patent cases," and that it should be limited to circumstances in which it is necessary to prevent "a gross injustice" or bad faith litigation. Forest Labs., 339 F.3d at 1329; see also Aptix Corp. v. Quickturn Design Sys., Inc., 269 F.3d 1369, 1375 (Fed. Cir. 2001)(affirming an award of attorney fees under § 285 for the "extreme litigation misconduct" of falsifying evidence); Sensonics, 81 F.3d at 1575 (remanding for a determination of bad faith following deliberate misrepresentation and a party admission that it had ordered the copying of a patented device); Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547 (Fed. Cir. 1989)(affirming an award under § 285 following repeated violations of a permanent injunction and a district court finding of a "strategy of vexatious activity").

Plaintiffs contend that, in the totality of the circumstances, Defendants' copying of the '712 patent, filing of a baseless Paragraph IV certification, unreasonable and offensive conduct during discovery, and unreasonable assertion of frivolous and meritless arguments throughout litigation support a finding of exceptional case. As the Court has already addressed Plaintiffs' allegations of a baseless ANDA filing coupled with

deliberate copying and ruled for Defendants on the question of willful infringement, (D.I. 684), it will focus on whether Defendants have engaged in "vexatious, unjustified, and otherwise bad faith litigation" to determine whether a finding of an exceptional cases is warranted, Sensonics, 81 F.3d at 1574.

After reviewing Plaintiffs' contentions and the record evidence, the Court concludes that Plaintiffs have not met the burden of establishing an exceptional case by clear and convincing evidence. While Defendants' conduct in some instances might have crossed the boundaries permitted in "hard-fought" litigation, see, for example, the "offensive tone" identified by the Special Master on October 17, 2005, the Court is not persuaded that it reaches the level of misconduct or vexatiousness seen in Beckman, Aptix, and Sensonics. The Special Master declined the requests for sanctions made by both parties during discovery. Likewise, the Court concludes that Defendants' conduct during discovery and its litigation contentions do not constitute vexatious or bad faith litigation, and thus do not warrant sanctions. Accordingly, the Court will grant Defendants' Motion for Summary Judgment concluding that this is not an exceptional case.

### IV. Conclusion

For the reasons discussed, the Court concludes that Plaintiffs have not established by clear and convincing evidence

that this is an exceptional case under 35 U.S.C. § 285. Accordingly, the Court will grant Defendants' Motion and deny Plaintiffs' Motion.

An appropriate order will be entered.